UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUSAN MALPHURS,

        Plaintiff,

        v.

ACTIVE PRODUCTION & DESIGN,
INC.,

        Defendant.

**Civil Action File No.:**

**1:17-cv-03303-CAP**

## SUPPLEMENTAL MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Through her undersigned counsel, Plaintiff Susan Malphurs hereby files this supplemental motion seeking the Court's approval of the settlement agreement filed at Docket No. 36-1 (the "Settlement Agreement"). On January 3, 2019, the Court entered an Order requesting additional information regarding the payment to be made to Plaintiff's counsel under the Settlement Agreement. This amended motion provides additional information as requested by the Court.

The material terms of the Settlement Agreement were agreed to during private mediation with Mediator Lee Parks of Henning Mediation on December 4, 2018. Both parties were represented by experienced counsel during the mediation. Plaintiff and Defendant independently calculated Plaintiff's damages. The parties'

calculations differed significantly, primarily due to the lack of any time records for Plaintiff.  During the relevant time period, Defendant paid plaintiff on a salaried basis and did not track her working hours.  Therefore, the parties' calculations of Plaintiff's damages were based on estimates of her working hours, derived from evidence regarding her arrival and departure time.  Plaintiff contented that she arrived at work on time, and that she routinely worked in excess of 8 hours per day, and often up to 50 hours per week.  Defendant contended that Plaintiff was routinely late to work, and that any time spent at work in excess of 8 hours per day was for personal reasons.  The parties' estimates differed significantly due to their disagreement about Plaintiff's working hours.

Defendants also denied that Plaintiff was due any overtime pay at all under the FLSA's administrative exemption.  The parties also contested the appropriate statute of limitations under the FLSA (2 years versus 3 years) and whether Plaintiff was entitled to liquidated damages.  Lastly, the parties disagreed as to how to calculate Plaintiff's overtime rate, i.e., whether she was due time-and-a-half or half-time for her overtime hours.  Given the factual record in this case, all of these issues would likely have to be resolved by a jury.

Despite their disagreements, with the help of the mediator and after lengthy negotiations, Defendants offered and Plaintiff accepted $19,000.00 to settle her

FLSA claims asserted in this matter.

The parties negotiated the amount to be paid as legal fees and costs independently from their negotiation regarding Plaintiff's recovery. Plaintiff's counsel's actual hourly fee in this matter is $34,342.00 (detailed billing records are available if needed). This figure includes preparing and filing initial pleadings, written discovery, depositions of four defense witnesses over two days, Plaintiff's deposition, briefing summary judgment, and attending mediation. Plaintiff's counsel also incurred $3,077.85 in litigation costs, including a $400.00 filing fee, $70.00 for service of process, and $2,607.85 in deposition costs. These costs were paid by Plaintiff's counsel.

In total, Plaintiff's actual legal fees and costs are $37,419.85. During the mediation, in light of the disputed issues discussed above and the inherent risks in litigation, Plaintiff's counsel agreed to reduce this figure to $24,000.00. Plaintiff's recovery was not reduced due to this payment of legal fees and costs.

Based on the additional information provided above, and for the reasons stated in her initial motion, Plaintiff respectfully requests that the Court grant her motion for approval of the Settlement Agreement.

Respectfully submitted on January 3, 2019.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
Telephone: (678) 271-0300
Facsimile: (678) 271-0311
regan@decaturlegal.com
Attorney for Plaintiff

## Certificate of Service

I certify that I filed the foregoing document using the Court's electronic filing system on January 3, 2019, which will provide email notification of such filing to all counsel of record in this matter.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500